571 So.2d 210 (1990)
STATE of Louisiana
v.
Anthony D. DAVIS.
No. Cr90-252.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
*211 David L. Wallace, Martha A. O'Neal, DeRidder, for defendant-appellant.
William C. Pegues, III, Dist. Atty., DeRidder, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and DOUCET and KNOLL, JJ.
DOMENGEAUX, Chief Judge.
Defendant, Anthony D. Davis, was charged by a bill of information with three counts of forgery and one count of attempted forgery. Defendant pleaded guilty to one count of forgery and the other counts were dismissed. After ordering a presentence investigation, the trial judge sentenced defendant as a third felony offender to eight years at hard labor.

ASSIGNMENT OF ERROR
Defendant argues the trial court erred by imposing an unconstitutionally excessive sentence.[1]
Defendant pleaded guilty to forgery, a violation of La.R.S. 14:72. The penalty for forgery is a fine of not more than $5,000.00, or imprisonment with or without hard labor, for not more than ten years, or both. Defendant's sentence of eight years at hard labor is within the statutory limits. The law and jurisprudence involving the imposition of sentence within statutory limits is well established and will not be reiterated herein. See State v. Robicheaux, 412 So.2d 1313 (La.1982).
In sentencing defendant, the trial judge noted that this is defendant's third felony conviction. He was previously convicted of theft in 1983 and attempted forgery in 1985. Defendant served one year in prison and one year on supervised probation for the theft conviction. He served 18 months in prison for the forgery conviction. The court noted that defendant's previous time in prison had not deterred him from committing more forgeries.
The court considered that he was married and that his wife's eight year old child resided with him. The court mentioned the defendant's age, 29, and the effect that a term of eight years in prison would have on him.
After reviewing the record, the circumstances of the offense, and the considerations articulated by the trial judge, we find the sentence imposed was not unconstitutionally excessive. This assignment of error lacks merit.
For the above and foregoing reasons, defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.