687 So.2d 660 (1997)
STATE of Louisiana, Plaintiff-Appellee
v.
Sharonda GANT, Defendant-Appellant.
No. 29169-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
*661 Steven R. Thomas, Mansfield, for Defendant-Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Charles B. Adams, Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, C.J., and HIGHTOWER and WILLIAMS, JJ.
MARVIN, Chief Judge.
After being charged with a burglary and three counts of forgery and bargaining to plead guilty to one count of forgery, 18-year-old Sharonda (or Sharhonda) Gant appeals, complaining that her sentence to the maximum 10 years at hard labor is constitutionally excessive. La.R.S. 14:72.
The arguments to this court couch the excessive sentence issue in terms of whether the maximum sentence "shocks" one's sense of justice.
We affirm.

DISCUSSION
Born January 1, 1978, and while on juvenile probation for theft and forgery committed before she reached age 17, this defendant broke into the home of her aunt in Mansfield on October 27, 1995, and stole two boxes of blank checks. Defendant forged the signature of her aunt on several checks totaling more than $600, cashing them at a Piggly Wiggly store and at other Mansfield area businesses. After her arrest, she admitted the burglary and the forgeries to police officers. Within a month of the burglary and forgeries, defendant's aunt requested in writing to the prosecutor that the charge of burglary be "withdrawn."
The trial court had the benefit of a pre-sentence investigation report before sentencing in May 1996. Mitigating factors (her age, being single and two months pregnant at sentencing, and quitting school in the eighth grade) were found outweighed by aggravating factors. Aggravating factors included her failure to seek employment, to attend education classes causing her being dismissed from that program, and to make restitution in accord with her juvenile probation conditions; her misdemeanor conviction as an adult for shoplifting while on juvenile probation; and her arrest for another forgery on March 17, 1996, while on bail for *662 burglary of her aunt's home and related check forgeries. The trial court mentioned most of the aggravating factors and the "tremendous benefit" of the plea bargain that reduced her sentence exposure "from 52 years to 10 years."
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Thompson, 25,583 (La. App.2d Cir. 1/19/94), 631 So.2d 555.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of Art. 894.1. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Strange, 28,466 (La.App.2d Cir. 6/26/96), 677 So.2d 587; State v. Hudgins, supra.
Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is purposeless or needless. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir. 1989).
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense(s) originally charged, is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Chriceol, 26,449 (La.App.2d Cir. 10/28/94), 645 So.2d 286.
A trial court is not required to render a suspended sentence or probation for a first (or qualifying second) felony offense. The court may consider whatever factors and evidence is deemed in the best interest of the public and the defendant. State v. Strange, supra; State v. Woodman, 28,004 (La.App.2d Cir. 1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983).
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, supra; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
We upheld a 10-year sentence for forgery in State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985), for a third felony offender who bargained to plead guilty in return for the state's agreement not to file a habitual offender bill.
In State v. Deville, 525 So.2d 574 (La.App. 3d Cir.1988), a 10-year sentence was found to be not constitutionally excessive, based on the defendant's numerous convictions for issuing worthless checks and forgery.
In State v. Davis, 571 So.2d 210 (La.App. 3d Cir.1990), an eight-year sentence was affirmed for a 28-year-old defendant who had two prior felony convictions for theft and attempted forgery. His plea bargain achieved the dismissal of two counts of forgery and one count of attempted forgery.
*663 That defendant's previous prison terms had not deterred him from committing more forgeries.
Sharonda Gant's criminal conduct is not adequately defined by one count of forgery because her propensity to commit thefts and forgeries is evident in her brief, but prolific, criminal history for the two years surrounding her seventeenth birthday. An "average [three years at hard labor] sentence for a forgery" would also result in the "prospect," as defendant's counsel argues, that Sharonda Gant will, while in prison, deliver and then surrender her child to the care of others. The trial court did not find the sentence "disproportionate" to sentences imposed on other similarly situated defendants in the judicial district, as argued by defendant in her motion to reconsider the sentence.

CONCLUSION
On the one hand we must agree that Sharonda Gant is technically a first felony offender because she was a juvenile when her earlier felonious conduct (theft and forgeries) occurred. Unlike other first offenders who are addicted to drugs or alcohol, Sharonda Gant denied even any use of those substances. Likewise, our experience in reviewing and reading similar cases leads us to agree that she is not the "worst" among those who have been convicted of thefts and forgeries. On the other hand and recognizing that other courts might have sentenced a young and single pregnant substance abuser to a lesser term of years, we cannot say that the 10-year sentence, even though the maximum for one count of forgery, is an abuse of the trial court's discretion in this case, shocking to our sense of justice. Moreover, we cannot say that Sharonda Gant's criminal conduct was not "serious" or that the punishment imposed on Sharonda Gant will not achieve the legitimately recognized purpose of generally deterring other young members of society who might be inclined to commit similar thefts and forgeries. See and compare State v. Tully, supra, 430 So.2d at 128-29, and State v. Benton, 432 So.2d 334 (La. App. 1st Cir.1983).

DECREE
The sentence is AFFIRMED.[1]
WILLIAMS, J., dissents.
WILLIAMS, Judge, dissenting.
The sentence imposed is constitutionally excessive.
NOTES
[1] Examining for error patent, we note that the trial court informed defendant in open court that the prescriptive period for post-conviction relief is "three years." This incomplete advice is a common error. The three-year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. arts. 914 or 922. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Gladney, 626 So.2d 778 (La.App. 2d Cir.1993). Although the trial court incorporated correct advice of the date into written reasons for judgment, the record does not reflect that defendant was so informed as the statute directs. We direct the trial court to give correct written notice to defendant and place the receipt thereof in the case record.

No other error patent was noted.