hPER CURIAM.
The defendant, Andre Davis, appeals as excessive his sentence to fifteen years at hard labor following his guilty plea to posses *358 sion of cocaine with intent to distribute. For the following reasons, we affirm.
FACTS
In January 1996, a cooperating individual purchased two $10 rocks of crack cocaine from the defendant. The police obtained arrest and search warrants. Execution of the search warrant at defendant’s residence revealed a one-ounce bag of marijuana in the refrigerator, as well as 44 rocks of cocaine in plastic bags inside a soda can. The North Louisiana Crime Lab confirmed the substance was cocaine.
The state charged the defendant with distribution of cocaine, possession of cocaine with intent to distribute, possession of marijuana with intent to distribute and possession of drug paraphernalia. Pursuant to a plea bargain agreement, the charge of distribution of cocaine was reduced to possession of cocaine with intent to distribute. The defendant entered a guilty plea to the reduced charge and the other charges were dismissed. The trial court sentenced the defendant to serve 15 years at hard labor and denied a timely motion to reconsider. The defendant now appeals his sentence as excessive.[1] He argues that the sentence imposed is unduly harsh and excessive under these circumstances and that the sentencing court failed to sufficiently articulate and consider the guidelines under La.C.Cr. P. art. 894.1 in imposing sentence.
EXCESSIVE SENTENCE
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took Izcognizance of the criteria set forth in La. C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983); State v. McCray, 28,531 (La.App.2d Cir. 8/21/96), 679 So.2d 543. The trial judge is not required to list every aggravating and mitigating circumstance, but need only state for the record the considerations taken into account and the factual basis for the sentence imposed. State v. Smith, supra; State v. McCray, supra. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions.
Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La.C.Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
The second prong or question in an excessiveness inquiry is whether the sentence imposed is unconstitutionally excessive. Whether the sentence imposed is too severe depends upon the circumstances of the case and the background of the defendant. To determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice. State v. Marshall, 94-0461, (La.9/5/95), 660 So.2d 819; State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Lobato, 603 So.2d 739 (La.1992). A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a ^purposeless and needless infliction of pain and suffering. State v. Baxley, supra; State v. Lobato, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La.App.2d Cir. 9/25/96), 682 So.2d 777, writ denied 96-2590 (La.3.27/97), 692 So.2d 391; State v. Washington, 29,478 (La.App.2d Cir. 4/2/97), 691 So.2d 345.
*359 A substantial-advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the most serious offense originally charged, is a legitimate consideration in sentencing. State v. Gant, 29,169 (La.App.2d Cir. 1/22/97), 687 So.2d 660.
DISCUSSION
We find no merit to defendant’s contentions that the trial court did not adequately articulate reasons for sentence and that his sentence is excessive. Prior to imposing sentence, the court reviewed a pre-sentence investigation report (PSI). The report shows that the thirty-four-year-old defendant is a high school graduate and is unemployed. The court also noted that the defendant has an extensive criminal history. The defendant had convictions for middle grade theft (bargained down from attempted burglary), theft, distribution of marijuana in 1985, possession of a firearm by a felon, carnal knowledge of a juvenile (bargained down from forcible rape), illegally carrying a firearm in 1992, possession of marijuana (twice) in 1995, and the instant offenses. The defendant also had two arrests in 1985 without conviction for distribution of marijuana. The court noted that defendant was a fourth felony offender and found no mitigation was present. The | .¡record further shows that the defendant’s extensive criminal record contains several prior drug related offenses. Past records of drug offenses weigh heavily in the decision to uphold even maximum sentences in contraband cases. State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1113 (La.1992); State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir.1990). Accordingly, we find that the record adequately demonstrates the considerations relied upon by the trial court and the factual basis for the sentence imposed.
We also find that the sentence imposed in the present ease is not unconstitutionally excessive. At the time of the commission of the present offense, the penalty for possession of cocaine with intent to distribute was not less than five years nor more than thirty years at hard labor. In addition, a fine of up to fifty thousand dollars could be imposed.[2] The sentence imposed in this case is only one-half the maximum to which defendant was exposed by his plea of guilty. The defendant, a fourth felony offender, also received the benefit of a favorable plea agreement whereby the charge against him was reduced and several other charges were dismissed. Therefore, under these circumstances, the sentence imposed does not shock the sense of justice and is not constitutionally excessive.
ERROR PATENT
Our error patent review reveals that the trial court informed defendant that the prescriptive period to apply for post-conviction relief is “three years.” This incomplete statement is erroneous. The three-year prescriptive period does not begin to run until the judgment is final under La. C.Cr.P. art. 914 or 922; thus, prescription has not yet begun to run. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Harvey, 26,613 (La.App.2d Cir. 1/25/95), 649 So.2d 783. However, this defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. State v. Henton, supra.
We direct the district court to send appropriate written notice to defendant within 10 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).
No other errors patent were noted.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Andre Davis.
AFFIRMED.

. We note that, in the brief filed by the Louisiana Appellate Project on behalf of the defendant, he is erroneously referred to as "Donald Spencer” or "Mr. Spencer” three times.

. Although not applicable to the present case, we note that the penalty for possession of cocaine with intent to distribute has subsequently been amended by Acts 1997, No. 1284 § 1, to provide that the first five years of the sentence must be served without benefit of parole, probation, or suspension of sentence.