793 So.2d 251 (2001)
STATE of Louisiana, Appellee,
v.
August Urban BARBER a/k/a Troy Dean Lunsford, Appellant.
No. 34,832-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2001.
Peggy Sullivan, Louisiana Appellate Project, Jack W. Slaid, Indigent Defender Board, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, L. Charles Minifield, Assistant District Attorney, Counsel for Appellee.
Before STEWART, GASKINS and DREW, JJ.
PER CURIAM.
The defendant, August Urban Barber a/k/a Troy Dean Lunsford,[1] appeals as excessive *252 his sentence to five years at hard labor for battery of a police officer, a violation of La. R.S. 14:34.2. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
On February 9, 2000, Deputy Robert Hayden, of the Webster Parish Sheriff's Office, was dispatched to the home of the defendant's girlfriend. The defendant was causing a disturbance during his unauthorized entry of the residence. Deputy Hayden attempted to arrest the defendant who tried to flee. A scuffle ensured and Deputy Hayden's right hand was twisted, dislocating some of his fingers and pulling or severing the tendons.
On April 24, 2000, the defendant was charged by bill of information with one count of battery of a police officer. The charge was later amended to reflect that the injuries required medical attention, elevating the matter to a felony.
On July 10, 2000, the defendant entered a plea of guilty to felony grade battery of a police officer. In exchange for the plea, charges of flight from an officer and unauthorized entry of an inhabited dwelling were dismissed. The state also agreed not to file a habitual offender bill against the defendant. The defendant appeared before the court for sentencing on October 16, 2000, and was ordered to serve five years at hard labor, the maximum period of incarceration that may be imposed for battery of a police officer. On October 20, 2000, the trial court denied the defendant's motion to reconsider the sentence. The defendant appealed, arguing that the trial court erred in imposing a sentence that was excessive under the facts and circumstances of this case and erred in denying his motion to reconsider his sentence. These arguments are without merit.

LEGAL PRINCIPLES
The defendant's motion to reconsider sentence merely alleged that the sentence is excessive. Under State v. Mims, 619 So.2d 1059 (La.1993), he is "simply relegated to having the appellate court consider the bare claim of excessiveness." This bare assertion preserves only a claim of constitutional excessiveness. State v. Mims, supra; State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993). Constitutional review turns on whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense and nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Thompson, 33,204 (La.App.2d Cir.3/1/00), 754 So.2d 412. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, supra.
*253 In selecting a proper sentence, the trial court is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Willis, 31,561 (La.App.2d Cir.1/20/99), 728 So.2d 493. As a general rule, maximum sentences are reserved for the worst offenders and the worst offenses. State v. Abram, 32,627 (La.App.2d Cir.10/27/99), 743 So.2d 895, writ denied, XXXX-XXXX (La.9/29/00), 769 So.2d 549. The sentencing court is given wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of manifest abuse of discretion by the sentencing court. State v. Watkins, 33,644 (La.App.2d Cir.9/27/00), 768 So.2d 665.
The court considered the contents of a presentence investigation (PSI) report and found that the defendant was at least a fifth felony offender. He has two burglary convictions in Illinois in the 1960s and a later conviction for forgery. He has a conviction in 1977 for possession of marijuana with intent to distribute, for which he was sentenced to serve one year in prison. He has a 1978 conviction for felony possession of a controlled dangerous substance. In addition, he has two charges of driving while intoxicated, one resulting in conviction and one without a reported disposition. The defendant's PSI report also reflects two arrests for theft and one arrest for simple battery. There are no listed dispositions for these arrests. The defendant is not married and has no children.
The court noted that the defendant denied drug and alcohol abuse, even though he had convictions for drug and alcohol related offenses. Also, at the time of his arrest, the defendant failed to give police officers his correct name. The court considered the advantage gained by the defendant in entering the present plea in exchange for dismissal of two related charges. In ordering the defendant to serve five years at hard labor, the court stated that a lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find the sentence imposed to be constitutionally excessive. The defendant was 50 years old at the time of sentencing and claimed to have earned some college credit. He had five prior felony convictions. Given the serious injury sustained by the officer, the defendant's significant criminal history, the fact that he concealed his identity upon arrest, and the benefit obtained by virtue of his plea agreement, we find that the sentence imposed is lawful. It is not grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. The sentence was tailored to both the offender and the offense. Accordingly, the sentence is not constitutionally excessive.
We have examined the record for error patent and have found none.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, August Urban Barber a/k/a Troy Dean Lunsford.
AFFIRMED.
NOTES
[1] At the guilty plea proceeding, the defendant acknowledged that his correct name is August Urban Barber. The defendant stated that he found a billfold belonging to Mr. Lunsford and had it in his possession at the time of his arrest. Therefore, even though the record name in this proceeding is Troy Dean Lunsford the defendant's name is August Urban Barber.