842 So.2d 1260 (2003)
STATE of Louisiana, Appellee,
v.
Fredrick SANDERS aka Jerome Williams, Appellant.
No. 36,941-KA.
Court of Appeal of Louisiana, Second Circuit.
April 11, 2003.
*1262 Charles L. Kincade, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Geary Stephen Aycock, Assistant District Attorney, for Appellee.
Before STEWART, PEATROSS and DREW, JJ.
*1263 DREW, J.
A petit jury (10-2) convicted Fredrick Sanders (aka Jerome Williams) of possession of marijuana with intent to distribute. La. R.S. 40:967. The trial court imposed a sentence of eight years at hard labor, to be served consecutively with another sentence, granting the mandatory credit for time served. Sanders appeals his conviction and sentence. We affirm.

FACTS
On September 2, 2001, at approximately 5:10 a.m., Sterlington Police Officer Jason Smalling observed a vehicle speeding and swerving across the center line and fog line of U.S. Hwy. 165 South in Ouachita Parish. The officer made a traffic stop of the car, driven by Dedrick Sanders aka Tyrone Williams ("Dedrick/Tyrone"). At the time of the stop, Dedrick/Tyrone's twin brother, Frederick Sanders aka Jerome Williams ("Frederick/Jerome"), was a guest passenger in the front seat.
Officer Smalling asked the driver for his license. Dedrick/Tyrone replied that he did not have a valid driver's license. He gave his name as "Tyrone Williams." Officer Smalling noticed that the driver exhibited slurred speech and was clearly impaired. There was an open fifth of Hennessy Cognac in one cup holder in the passenger compartment. The officer also noticed a strong odor associated with marijuana. Dedrick/ Tyrone was arrested for DWI under the name "Tyrone Williams." While frisking Dedrick/Tyrone, Officer Smalling noticed that a large clear plastic bag, containing six individually-wrapped bags of marijuana, fell from Dedrick/Tyrone's left pant leg.[1] The officer also felt a long slender object inside Dedrick/Tyrone's left front pocket, resulting in Smalling's seizure of $610 cash as well as three shotgun shells. When the officer inquired as to his employment, Dedrick/Tyrone first replied, "No," then stated that he cut hair. Officer Smalling put the driver into the back of his patrol car, as per agency policy and his practice.
Officer Smalling then requested that Fredrick/Jerome exit the vehicle. In checking for weapons, the defendant was handcuffed for the officer's safety.
Ouachita Deputy Curtis Dewey and Sterlington Assistant Chief James Laing joined Officer Smalling at the scene. As Smalling was retrieving the open container of cognac from the vehicle, he found a partially-smoked marijuana cigarette in a cup holder. Both Dedrick/Tyrone and Fredrick/Jerome denied knowledge of the marijuana cigarette. Officer Smalling then placed this defendant, Fredrick/Jerome, under arrest for possession of marijuana. The officer's actions were confirmed at trial by Assistant Chief Laing.
During vehicular inventory, Smalling found a loaded .32 caliber semiautomatic Berretta pistol in plain view on the passenger-side floorboard, directly in front of where Fredrick/Jerome had been seated.
*1264 Again, both defendants denied any knowledge of the firearm. As the officer was placing Frederick/Jerome into the back of his patrol car, Smalling observed two individually-wrapped bags of marijuana fall from the defendant's left pant leg.
After booking both the defendant and his twin brother under the names of "Jerome Williams" and "Tyrone Williams," respectively, Officer Smalling later learned their true identitiesFredrick Sanders and Dedrick Sanders.
Dedrick/Tyrone, the driver, pled guilty to possession of marijuana with intent to distribute and was sentenced to five years at hard labor, suspended, and placed on five years supervised probation.
After a jury trial, this defendant, Fredrick Sanders, was found guilty as charged of the same crime, possession of marijuana with intent to distribute. This defendant being a prior felon, the trial court sentenced him to eight years at hard labor, to be served consecutively with any other incarceration time.

DISCUSSION
The defendant argues that no rational trier of fact could have found the defendant guilty of possession of marijuana with intent to distribute, in that:
 the amount of marijuana actually on Fredrick/Dedrick's person is an amount consistent with personal consumption;
 the jury may have been improperly persuaded to convict the defendant based on the large amount of money and the additional drugs found on the defendant's brother;
 the jury may have been improperly persuaded to convict the defendant based on the loaded gun found in the vehicle; and
 the only connection between this defendant with the gun, money, and larger amount of drugs is physical proximity.

The defendant concedes that sufficient evidence existed to find him guilty of simple possession, a misdemeanor.
The state counters that the direct and circumstantial evidence presented at trial clearly supports the defendant's conviction of possession of marijuana with intent to distribute, in that:
 the jury's verdict should be given great deference and all evidence should be examined in the light most favorable to the prosecution;
 Sanders wasn't hitchhiking with a stranger at 12:00 noonhe was cruising with his apparently unemployed (except for dealing dope) twin brother at 5:10 a.m., certainly not a "normal" time to drive around;
 within the passenger compartment of the jointly-occupied vehicle were:
 eight individually-wrapped bags of marijuana (six and two bags, respectively, each bag being packaged exactly the same and each bag being hidden by the twin brothers in a similar manner),
 a loaded .32 caliber semiautomatic pistol, on the passenger floorboard, chambered and ready for use (noting the routine connexity between drugs and guns[2]), and
 $610 cash, later found to be laced with marijuana, showing a connexity between this $610 cash cache and the drug trade;

*1265  a partially-smoked marijuana cigarette was in plain view between the brothers;
 Officer Smalling and Assistant Chief Laing, both experienced law enforcement officers, testified, without contradiction, that in their opinion the eight individually-wrapped bags were packaged in a manner customarily associated with distribution;
 each brother lied to the officer, providing similar aliases, further proving their actions were in concert; and
 this defendant's twin brother pled guilty to the same crime for which this defendant was convicted at jury trial, weakening any theory that these two people might have just been out before dawn smoking weed together.

Applicable Law
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. This standard, now legislatively embodied in La. C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or re-weigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
To support a conviction for possession with intent to distribute, the state must prove: (1) possession of the controlled dangerous substance; and (2) intent to distribute it. La. R.S. 40:967(A)(1); State v. Thomas, 32,495 (La.App.2d Cir.10/27/99), 745 So.2d 776, writs denied, 00-1008 (La.11/27/00), 775 So.2d 445, and 00-0242 (La.12/08/00), 775 So.2d 1076.
These elements were apparently proven to the jury, the members of which examined the evidence, and observed the *1266 only four witnesses presented, all from the state.
Testimony of street value and dosage of the drug is also relevant to the issue of intent. State v. Tornabene, 337 So.2d 214 (La.1976); State v. Gladney, 29,791 (La.App.2d Cir.9/24/97), 700 So.2d 575.
Mere possession of marijuana is not evidence of intent to distribute unless the quantity is so large that no other inference is reasonable. State v. Greenway, 422 So.2d 1146 (La.1982).

Application of Law to Facts
This case is largely based upon circumstantial evidence. Factors useful in determining whether circumstantial evidence is sufficient to prove an intent to distribute a controlled dangerous substance include:
(1) whether the defendant ever distributed or attempted to distribute any marijuana;
(2) whether there was marijuana in a form usually associated with marijuana possessed for distribution to others;
(3) whether the amount was such as to create a presumption of an intent to distribute;
(4) expert or other testimony that such an amount as found in the defendant's possession is inconsistent with personal use only; and
(5) evidence of any paraphernalia, such as Baggies or scales, evidencing an intent to distribute.
State v. Coleman, 552 So.2d 513 (La.App. 2d Cir.1989), citing, State v. House, 325 So.2d 222 (La.1975). The facts proven at trial definitely apply to factors two, four and five.
There were only four witnesses in this two-day trial:
 Officer Smalling, who made the stop and the arrests;
 Assistant Chief Laing, who arrived at the scene later to assist the officer;
 the crime lab chemist, who testified that all eight bags contained marijuana; and
 the canine officer, whose drug detection dog alerted on a bag (one of five) which contained the money, signifying a connexity between the money and marijuana.
Both Officer Smalling and Chief Laing testified that the marijuana seized in this case was in a form usually, but not always, associated with distribution. Defendant argues in brief, incorrectly, that Smalling testified on cross that the two small bags Frederick/Jerome was hiding in the leg of his pants was consistent with personal consumption. His reference was actually to Chief Laing, whose testimony on cross was that Exhibit 6, the partially-burnt marijuana cigarette, was consistent with personal consumption.
The record admittedly instructs us poorly as to the actual amount of drugs involved here. No one testified about the weight of the drugs, just that the packages were "small." Although conceding that he didn't keep up with street values, Assistant Chief Laing opined that the approximate street value of the amount of one of the bags of marijuana confiscated from the defendant and his brother would be $20 to $25. Therefore, a combined amount of about $160 to $200 worth of grass was hidden down the pant legs of the two brothers. Another way to look at it is that the $610 residue bearing cash could have represented the illicit fruits of the sale of 20 to 25 bags of weed.
The record indicates that all of the pot was packaged in Baggies, a product ubiquitous to the drug trade. Also, a loaded *1267 and chambered firearm was found in plain view on the passenger floor, directly between where a normal guest-passenger's feet would be placed. Hopefully, this is not ever considered normal in this country.
Certainly a jury could have concluded beyond a reasonable doubt that the defendant intended to distribute the marijuana which he possessed, either directly or as a principal. La.R.S. 14:24.
Viewing the totality of evidence in the light most favorable to the prosecution, all the elements of the crime of possession of marijuana with intent to distribute are present here.

SENTENCING
The eight-year hard labor sentence for this second felony offender is well within the trial court's sentencing discretion. Sanders faced a maximum exposure of thirty years at hard labor.

Applicable Law
The defendant's motion to reconsider sentence merely alleged that the sentence was excessive. Under State v. Mims, 619 So.2d 1059 (La.1993), his appeal is therefore limited to the bare claim of excessiveness. Constitutional review turns on whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). State v. Barber, 34,832 (La.App.2d Cir.6/20/2001), 793 So.2d 251.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982).
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, the reviewing court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983).

Application of Law to Facts
This record indicates that the trial court ordered a PSI (pre-sentence investigation) report and had an in-depth discussion with the defendant regarding past criminal history. The trial court elicited a factual account from the defendant, relative to circumstances of a previous conviction to a charge of accessory after the fact to armed robbery. The trial court also asked the defendant about three previous charges of battery of a police officer, two charges of disturbing the peace, and a charge of resisting an officer by flight. The court went on to discuss the defendant's personal background, including his age, family, education and work history, noting that the defendant:
 was 24 years old at sentencing;
 was on parole when he committed this offense;
 had never held a steady job (raising the question of how he supported himself);

*1268  had never supported his dependents; and
 was riding in a vehicle sporting a fresh bullet hole.
The record supports that the trial court gave adequate consideration to the La. C.Cr.P. art. 894.1 guidelines by giving a sufficient factual basis for the sentence.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, the reviewing court will not set aside a sentence as excessive. State v. Square, supra.
The defendant was on parole for the crime of accessory after the fact to armed robbery when he was arrested on this charge. The trial court, after considering the defendant's criminal history, personal background, and the circumstances regarding the instant case, sentenced him to eight years at hard labor, a sentence reflecting less that 30% of his exposure.
The sentence is just and appropriate for this second felony offender.

DECREE
The defendant's conviction and sentence are AFFIRMED.
STEWART, J., dissents with written reasons.
STEWART, J., dissents.
I must respectfully dissent. The majority goes to great lengths to ignore both the facts and the law to uphold this conviction for possession of marijuana with intent to distribute. This defendant was found with only two bags of marijuana on his person valued at about $40 or $50. There is no jurisprudence or any reasonable standard that would support any inference that the possession of such a small amount of marijuana alone would rise to any presumption of intent to distribute. In contrast, the other occupant of the car had six bags of marijuana and $610 hidden in his pants legs. It was error for the majority to assign joint possession of the drugs and money to both occupants of the car.
Although the defendant's brother pled guilty to possession with intent to distribute, that plea in no way attaches constructive possession to the defendant. A person may be in constructive possession of a drug only if it is subject to his dominion and control. Guilty knowledge is an essential element of the crime. The mere presence in an area where drugs are located or the mere association with one possessing drugs does not constitute possession. State v. Toups, 833 So.2d 910 (La. 2002); State v. Furgerson, 781 So.2d 1268 (La.App.2d Cir. 2001); State v. Harris, 597 So.2d 1105 (La.App. 2d Cir.1992). State v. Dunn, 446 So.2d 829 (La.App. 2d Cir. 1984).
The testimony in this case is undisputed that six of the eight bags of marijuana were found concealed in the defendant's brother's pants leg. None of the four prosecution witnessesOfficer Smalling, Assistant Chief Laing, the crime lab chemist, or the canine officergave testimony that directly or indirectly proved that the defendant had any dominion or control in this case. In fact, while the defendant's brother pled guilty, he offered no testimony that implicated the defendant in this crime. Further, there is absolutely no evidence of guilty knowledge by this defendant.
The majority admits that the record is void as to the actual amount of drugs involved in this matter. Additionally, there are no scales, baggies, previous intelligence of sales, or any other indicia of intent to distribute. Moreover, the mere presence of a gun in the car is not an indicia of criminal intent.
*1269 The majority also fails to address the fact that where an essential element of the crime is not proven by direct evidence, the rule regarding circumstantial evidence as governed by La.R.S. 15:438 applies, and it states,
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
The defendant's possession of a small amount of marijuana coupled with the presence of a partially smoked joint in the car is highly suggestive that the marijuana in question was for the defendant's personal use. While this evidence alone supports a conviction of simple possession, it does not support a conviction of possession with intent to distribute. The majority has upheld this conviction simply on the basis of the mere association of this defendant with the codefendant. Consequently, I would reverse and render a verdict for simple possession and remand for resentencing.
NOTES
[1] At any time during the early-morning encounter, assuming a reasonable suspicion of danger, certainly the officer could have frisked either brother for weapons, pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). After making an arrest, an officer has the right to much more thoroughly search a defendant and his wing span, or lunge space, for weapons or evidence incident to a (valid) arrest ("SITA"), pursuant to Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). This right to Search Incident To an Arrest has been extended to minor traffic matters, but only if the officer actually makes an arrest. U.S. v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). The scope of this right to a vehicular S.I.T.A. extends to the entire passenger compartment. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
[2] One of the realities of today's commercial drug culture is the presence of weapons. See, State v. Goodwin, 551 So.2d 715 (La.App. 1st Cir.1989).