|, PEATROSS, J.
Defendant, Reggie Eason, was charged with two counts of distribution of cocaine, in violation of La. R.S. 40:967, and one count of conspiracy to distribute cocaine, in violation of La. R.S. 40:979 and 14:26. Subsequently, Defendant agreed to plead guilty to one count of distribution of cocaine and to the count of conspiracy to distribute cocaine in exchange for the State’s agreement not to charge Defendant as an habitual offender, to dismiss the remaining distribution charge and to recommend to the trial court that the sentences for each count run concurrently. *1093 After Defendant’s guilty plea, the trial court sentenced him to serve terms of ten years at hard labor for each count. The trial court ordered the sentences to run concurrent, but consecutive to any other sentence, with the first two years to be served without benefit of probation, parole or suspension of sentence. Defendant was not given credit for time served. Defendant moved for reconsideration of his sentence, but this motion was denied. Defendant appeals his sentence as excessive. For the reasons stated herein, we amend the sentences of Defendant and, as amended, affirm.
FACTS
On April 24 and 25, 2002, Defendant sold crack cocaine to a Minden Police Department confidential informant. These transactions were recorded with audio and video surveillance equipment by Detective Daniel Weaver of the Minden Police Department. Defendant was arrested at the Webster Parish Jail on May 17, 2002, by Officer Ron Payton of the Minden | ¡Police Department, and a bill of information charging him with the previously stated crimes was filed thereafter.[1]
Initially, Defendant pled not guilty to the instant charges. On July 29, 2002, however, Defendant and the State entered into a plea agreement wherein Defendant pled guilty to one count of distribution of cocaine and to the count of conspiracy to distribute cocaine. The district attorney agreed to dismiss the remaining distribution charge and advised the trial court that he had no objection to the sentences for the two counts running concurrently with each other. Shortly before his guilty plea to the instant charges, Defendant was sentenced to two and one-half years at hard labor on an unrelated attempted possession of cocaine charge. The district attorney advised the trial court that he had no objection to the sentence on the unrelated charge also running concurrently with the sentences on the two instant charges.
There was no agreement between the State and Defendant as to the total length of the sentences, except that sentencing would be subject to a presentence investigation report (“PSP’). The trial court reserved the right to review Defendant’s PSI before making a determination as to whether the sentences would run concurrent to the unrelated sentence for attempted possession of cocaine. On September 27, 2002, the trial court sentenced Defendant. In reviewing Defendant’s PSI, the trial judge noted for the record Defendant’s extensive criminal record. The trial judge sentenced Defendant to ten years at hard labor on each count, with two years to be | aserved without benefit of probation, parole or suspension of sentence. Further, the trial judge ordered that the two sentences were to run concurrent with each other, but were to run consecutive to the unrelated sentence for attempted possession of cocaine. Defendant was not given credit for time served. Defendant filed a motion to reconsider his sentences, alleging that, while the sentences were within the statutory limits, he had not agreed to serve the unrelated attempted possession of cocaine sentence consecutive to the sentences received in the instant case.
At the hearing on the motion to reconsider, the trial judge stated that he had reserved the right on whether or not to order the two sentences to run concurrent with the third unrelated sentence until af *1094 ter a review of the PSI. The trial judge found that his order was appropriate and denied Defendant’s motion to reconsider the sentence. Defendant now appeals, raising the following assignments of error (verbatim):
1. The trial court erred in imposing excessive sentences;
2. The trial court failed to particularize the sentences, thus the sentences violates the guidelines of La. C. Cr. P. art. 894.1;
3. The trial court erred in denying Mr. Eason’s motion to reconsider sentence; and
4. The trial court failed to articulate particular justification for imposing consecutive sentences rather than concurrent sentences.
DISCUSSION

Defendant’s Sentences

In this appeal, Defendant argues his assignments of error jointly, asserting that the arguments are interrelated. Defendant contends that his sentences are excessive, but he did not assert the excessive sentence Largument in his motion to reconsider his sentence filed with the trial court. Accordingly, he is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. It is the goal of La. C.Cr.P. art. 894.1 to provide a factual basis for the sentence imposed, thus providing a record that will allow for a reasoned review of the sentence. State v. Lanclos, 419 So.2d 475 (La.1982). The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Scott, 36,763 (La.App.2d Cir.1/29/03), 836 So.2d 1180.
 The second prong used to determine if a defendant’s sentence is excessive is to examine whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of 15proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant *1095 reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. Id. Past records of drug offenses should weigh heavily in the decision to uphold the imposition of maximum sentences. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. Absent a showing of manifest abuse of the trial court’s discretion in sentencing a defendant, a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Defendant also argues that the trial court was in error by ordering the two sentences to be served consecutive to the unrelated sentence of two and one-half years for attempted possession of cocaine. All factors in the case Dare to be considered in choosing whether to impose consecutive or concurrent sentences. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980). It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 So.2d 868; State v. Coleman, 32,906 (La.App.2d Cir.4/5/00), 756 So.2d 1218, writ denied, 00-1572 (La.3/23/01), 787 So.2d 1010; State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988).
Prior to imposing sentence in the case sub judice, the trial judge considered the PSI, which provided detailed information concerning Defendant who, at the time of sentencing, was 30 years old. The trial judge noted Defendant’s extensive criminal history, in that he was at least a second- or third-felony offender and he had numerous misdemeanor convictions. Defendant was convicted in 1994 for attempted possession of cocaine, in which he received a suspended two-year sentence, and was placed on active probation. That probation was later revoked and Defendant served time on the conviction. In 1996 Defendant pled guilty to simple robbery and received a two-year hard labor sentence. He was released on parole in January 1997. In 2002, Defendant also pled guilty to the unrelated attempted possession of cocaine charge, making his current convictions his fourth- and fifth-felony convictions. The trial judge found that Defendant was not a good candidate for a suspended sentence and probation, was in need of custodial treatment and that he was likely to |7commit another offense. The record further indicates that, with Defendant’s guilty plea, the trial judge agreed to consider making the two sentences concurrent with the other unrelated sentence, but reserved ruling on that request until after reviewing Defendant’s PSI. After reviewing the PSI, the trial judge ruled that he would not make the sentences concurrent with the other unrelated sentence. The trial judge carefully analyzed and gave the proper consideration to the sentencing factors in La. C.Cr.P. art. 894.1. We agree with the trial judge’s conclusions and findings.
On this record, we do not find constitutional error. Defendant received a substantial benefit through his plea bargain. The sentence received on the distribution charge was one-third of the maximum sentence of 30 years and two-thirds of the maximum sentence of 15 years on the conspiracy to distribute charge. The plea agreement also markedly reduced his exposure to possible life imprisonment as an habitual offender. Defendant has multiple prior convictions for drug offenses and has failed in attempts to complete probation and parole. The sentences im *1096 posed are lawful. Considering Defendant’s criminal record, we find that the sentences imposed are neither grossly disproportionate to the severity of the offense, nor are they shocking to our sense of justice. Moreover, the trial judge properly addressed the factors in this case and determined that Defendant should serve the unrelated sentence consecutive to the instant sentences. The trial judge was well within his discretion to make this ruling. There is no showing of an abuse of the trial judge’s discretion in the imposition of |sthese sentence, which are not constitutionally excessive. Defendant’s assignments of error are without merit.

Error Patent Review

On our own motion, we notice that the trial court minutes and sentencing transcript do not show that Defendant was given credit for time served. Failure to give credit for time served, which is mandated by La.C.Cr.P. art. 880, is error patent and may be corrected by an appellate court under La.C.Cr.P. art. 882, without remanding to the trial court for resentenc-ing. State v. Sweet, 575 So.2d 937 (La.App. 2d Cir.1991); State v. Trahan, 520 So.2d 789 (La.App. 3d Cir.1987), writ denied, 532 So.2d 172 (La.1988). When Defendant pled guilty in this case, he was incarcerated on the unrelated attempted possession of cocaine charge. Since Defendant is entitled to credit for time served under La.C.Cr.P. art. 880, we amend his sentences to credit him for time served, if the time he served before the imposition of the present sentences was not credited against the unrelated sentence he received for attempted possession of cocaine.
CONCLUSION
For the foregoing reasons, the sentences imposed on Defendant Reggie Eason are amended, and, as amended, affirmed.
SENTENCES AMENDED, AND, AS AMENDED, AFFIRMED.

. Defendant was in the Webster Parish Jail on an unrelated charge. Defendant was also on parole at the time of his arrest.