886 So.2d 1183 (2004)
STATE of Louisiana, Appellee,
v.
Darryl Dewayne BRIGHT, Appellant.
No. 39,003-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 2004.
Louisiana Appellate Project by James E. Beal, for Appellant.
*1184 Paul J. Carmouche, District Attorney, Lea R. Hall, Catherine M. Estopinal, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART & PEATROSS, JJ.
PEATROSS, J.
Defendant, Darryl DeWayne Bright, was initially charged with one count of carjacking, one count of illegal possession of stolen things and two counts of resisting an officer. Defendant and the State entered into a plea agreement whereby Defendant would plead guilty to the carjacking charge in exchange for the State's dismissal of the remaining charges and its agreement not to file a habitual offender bill. There was no agreement as to sentencing. Accordingly, Defendant pled guilty to one count of carjacking, a violation of La. R.S. 14:64.2, punishable by imprisonment for 2 to 20 years at hard labor, without benefits. The district court sentenced Defendant to serve 18 years at hard labor without benefits. No motion for reconsideration sentence was filed. Defendant now appeals, arguing that his sentence is excessive. For the reasons stated herein, we affirm.

DISCUSSION
On April 12, 2003, a cashier at an Eckerds Drugs store observed Defendant and Antonio Washington following a 75-year-old woman in the store. The two stood behind the woman in line, but had nothing in their hands to purchase. In the parking lot, Defendant stood behind the woman while she put her purchases into her car. Apparently, Washington had walked to an adjacent parking lot after the two men exited the Eckerds. When the woman turned to face Defendant, he was holding one of her bags and put it into the car for her. After the woman got into the driver's seat, however, Defendant demanded her keys. When she refused, he forcibly took the keys from her hand and physically pulled her from the vehicle, got in and drove away. Defendant stopped to pick up Washington in the adjacent parking lot and fled the scene. On April 21, 2003, a Shreveport police officer spotted the car and watched as Defendant parked and entered a store. When Defendant exited the store, he fled in the car, parked it in another lot and then led police on a foot chase until he was ultimately apprehended.
As previously stated, pursuant to a plea agreement, Defendant pled guilty to the carjacking charge and the remaining charges of illegal possession of stolen things and resisting an officer were dismissed and he was not charged as a habitual offender. There was no agreement as to sentence; and, on appeal, Defendant argues that the 18-year sentence imposed is excessive.
Since Defendant did not file a motion to reconsider sentence, he is relegated to having this court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164; State v. Robinson, 37,043 (La.App.2d Cir.5/14/03), 848 So.2d 642. Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. *1185 Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280.
A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Davis, 30,532 (La.App.2d Cir.4/8/98), 711 So.2d 356; State v. Gant, 29,169 (La.App.2d Cir.1/22/97), 687 So.2d 660, writ denied, 97-0465 (La.6/30/97), 696 So.2d 1006.
In selecting a proper sentence, the trial court is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Barber, 34,832 (La.App.2d Cir.6/20/01), 793 So.2d 251.
Defendant argues that the district court did not give appropriate weight to mitigating factors and erred in considering his prior arrests not resulting in convictions. We find no merit in Defendant's arguments.
Prior to sentencing, the trial judge ordered and reviewed a Presentence Investigation Report ("PSI"). After reviewing the PSI, at sentencing, the trial judge specifically stated that she considered the mitigating facts that Defendant has a small child for whom he claims to provide support and that he pled guilty "without any promise of sentence." The trial judge also thoroughly recited the aggravating factors in this case. In particular, the trial judge stated that Defendant knew or should have known that the victim was particularly vulnerable due to advanced age. Further, Defendant's adult criminal history considered at sentencing included an arrest in 2001 for trespass, resisting arrest, simple assault and possession of marijuana. He pled guilty to possession of marijuana and was sentenced to six months in jail. That sentence was suspended, and Defendant was placed on 18 months supervised probation. Thirteen counts of simple burglary were pending against Defendant in Madison Parish. A trial date was also set in Madison Parish for April 26, 2004, on charges of aggravated kidnapping, simple criminal damage to property, aggravated assault and six counts of resisting an officer. Defendant was convicted of burglary of a business in Mississippi and was sentenced to three years. That sentence was suspended, and he absconded from supervised probation. Defendant escaped from the Madison Parish Detention Center and was a fugitive at the time of the instant offense. These facts were properly considered by the trial judge. See State v. Barber, supra.
In addition, Defendant received a substantial benefit from his plea agreement, which dismissed all additional charges and whereby the State agreed not to file a habitual offender bill. Defendant's maximum sentence exposure was reduced from 40 years without benefits to 20 years.
In summary, we find that the trial judge properly weighed the mitigating and aggravating factors as listed in La. C. Cr. P. art. 894.1 and determined that Defendant should be imprisoned because of the undue risk of continued crime, the need of correctional treatment and the fact that a lesser sentence would have deprecated the seriousness of the crime. We find that the sentence imposed is not shocking to the sense of justice and is not constitutionally excessive.
Finally, our review for patent errors revealed that the trial court failed to *1186 specifically credit Defendant for time served, which is mandated by La. C. Cr. P. Art. 880. Failure to give credit for time served is error patent and may be corrected by an appellate court under La. C. Cr. P. art. 882 without remanding to the trial court for resentencing. State v. Eason, 37,303 (La.App.2d Cir.7/16/03), 850 So.2d 1090; State v. Sweet, 575 So.2d 937 (La.App. 2d Cir.1991). Accordingly, Defendant's sentence is hereby amended to credit him for time served.

DECREE
For the foregoing reasons, Defendant's, Darryl Dewayne Bright, sentence is amended to credit Defendant with time served and, as amended, is affirmed.
SENTENCE AMENDED, AND, AS AMENDED, AFFIRMED.