GAIDRY, J.
| ¡¡The defendant, Matthew G.L. Conway, was charged by bill of information with possession of a Schedule IV controlled dangerous substance (alprazolam), a violation of La. R.S. 40:969(C). He pled not guilty. The defendant filed a motion to suppress the evidence, which was denied by the trial court. The defendant subsequently withdrew his not guilty plea and pled guilty as charged reserving his right to appeal the trial court’s denial of the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). After accepting the defendant’s guilty plea, the trial court sentenced him to imprisonment at hard labor for two years. The trial court suspended the sentence and placed the defendant on supervised probation for two years. The defendant now appeals, urging a single assignment of error challenging the trial court’s ruling on his motion to suppress. Finding no merit in the assigned error, we affirm the defendant’s conviction and sentence.

FACTS

Because the defendant pled guilty, the facts of the offense were never fully developed at a trial. The following facts were gleaned from the testimony introduced at the hearing on the motion to suppress.
On or about January 23, 2007, Officer Brett Armond of the Livonia Police Department was dispatched to a Chevron gas station in Livonia, Louisiana, to investigate a suspicious vehicle. The dispatch was in response to a report that a vehicle had been parked at the Chevron gas pump for approximately one-half hour. When Officer Armond arrived on the scene, he observed a male subject seated in the driver’s side of the vehicle with the engine running. The occupant, later identified as the defendant, appeared to be unconscious or asleep. On the console, in plain view, Officer Armond observed a suspected marijuana pipe. Officer Armond opened the vehicle door, turned off the ignition, and removed the marijuana pipe. Officer Ar-mond then attempted to awaken the defendant. Once he |sawoke, the defendant looked around as if to be looking for the marijuana pipe. When questioned, the defendant admitted that he was aware the pipe was inside the vehicle but stated that it belonged to a friend. There were no other occupants in the vehicle. The defendant was arrested for possession of drug paraphernalia. Shortly thereafter, incident to the defendant’s arrest, the passenger compartment of the defendant’s vehicle was searched. Several alprazolam pills were discovered inside a vial connected to the defendant’s keys.

ASSIGNMENT OF ERROR ONE

In his sole assignment of error, the defendant argues the trial court erred in failing to grant his motion to suppress the evidence. Specifically, he asserts that the evidence seized from the vial attached to his keys was obtained as a result of an illegal search that cannot be justified under any exception to the warrant requirement.
In denying the defendant’s motion to suppress, the trial court stated:
... We had a hearing and there was— on a Motion to Suppress, this Court, after hearing the evidence on the Motion to Suppress took it under advisement.
*496 I’ve got some cases exactly on point to help me in making this decision. After carefully reviewing these cases, the Court denied Mr. Thompson’s, on behalf of his client, his Motion to Suppress.
The drugs were found in a little vial of sort, which comes from a key chain. It falls under, at least three exceptions. Moving vehicle exception, search pursuant to a lawful arrest and the inevitable discovery rule, which I don’t usually— haven’t used much, but it is presently used in our courts and it falls squarely under inevitable discovery rule.
It would have been found, that officer’s testimony — as a matter of fact, he looked because he was suspicious and he was aware that drugs are commonly found in these little vials that are interestingly used on the end of a little key chain.
He saw a crack pipe on or about the console, which alerted him, and based off of that, he was going to arrest him, so search pursuant to a lawful arrest and it was in a moving vehicle, and an arrest of someone in a moving vehicle gives the right to search the interior of that car. And it does not eliminate search of — it’s search of anything and not limited to certain types of compartments and so, under at least three well defined exceptions to searches that I find was constitutional. So, that’s my ruling on the Motion to Suppress.
|4When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving the admissibility of any evidence seized without a warrant. La.Code Crim. P. art. 703(D). The United States and Louisiana Constitutions prohibit unreasonable searches and seizures. U.S. Const, amend. IV; La. Const, art. I, § 5. It is well settled that a search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); State v. Thompson, 2002-0333, p. 6 (La.4/9/03), 842 So.2d 330, 335. Such exceptions to the warrant requirement include the plain-view doctrine, a search incident to a lawful arrest and abandonment. See State v. Barrett, 408 So.2d 903, 904 (La.1981); See also State v. Stephens, 40-343, pp. 3-5 (La.App. 2 Cir. 12/14/05), 917 So.2d 667, 672, writ denied, 2006-0441 (La.9/22/06), 937 So.2d 376.
After making an arrest, an officer has the right to much more thoroughly search a defendant and his wingspan, or lunge space, for weapons or evidence incident to a (valid) arrest. State v. Sanders, 36,941, p. 2 n. 1 (La.App. 2 Cir. 4/11/03), 842 So.2d 1260, 1263 n. 1, writ denied, 2003-1695 (La.5/14/04), 872 So.2d 516. In Chimel v. California, 395 U.S. 752, 762-63, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), the United States Supreme Court held that where an arrestee was arrested in his home, the scope of a search incident to a lawful arrest was the person of the arres-tee and the area immediately surrounding him. This rule was justified by the need to remove any weapon the arrestee might seek to use to resist arrest or to escape, and the need to prevent the concealment or destruction of evidence. Chimel, 395 U.S. at 763, 89 S.Ct. at 2040. In New York v. Belton, 453 U.S. 454, 460,101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981), the Supreme Court [sfurther elucidated the ruling in Chimel, stating that “when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, *497 search the passenger compartment of that automobile.” (Footnotes omitted.)
In Belton, an automobile, in which the defendant was one of the occupants, was stopped by a New York State policeman for traveling at an excessive rate of speed. In the process of discovering that none of the occupants owned the car or was related to the owner, the policeman smelled burnt marijuana and saw on the floor of the car an envelope suspected of containing marijuana. He then directed the occupants to exit the vehicle and arrested them for unlawful possession of marijuana. After searching each of the occupants, the officer searched the passenger compartment of the vehicle and found a jacket belonging to the defendant. He unzipped one of the pockets and discovered cocaine. Subsequently, the defendant was indicted for criminal possession of a controlled substance. The Supreme Court, in Belton, provided that not only may the police search the passenger compartment of the car in such circumstances, they may also examine the contents of any containers found in the passenger compartment. And, such a container may be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have. Belton, 453 U.S. at 460-61, 101 S.Ct. at 2864.
In the instant case, it is undisputed that the defendant admitted to the police officer that he was aware of the presence of the marijuana pipe found in plain view inside his vehicle. Thus, it is indisputable that there was a lawful arrest of the defendant. However, the defendant argues that the search was invalid because the vial (which he specifically notes was not found on his person) was outside the scope of the permissible search area and it was not reasonable to believe that the ^defendant was in the process of destroying evidence. With these arguments, the defendant fails to acknowledge the Supreme Court’s decision in Belton which, as previously noted, clearly authorized an arresting officer to search the entire passenger compartment of a vehicle and any containers found therein upon the lawful arrest of a recent occupant of the vehicle. Therefore, the fact that the vial was attached to the keys (which were found inside the vehicle), and not on the defendant’s person, has no bearing on the validity of the search. Such a search of the passenger compartment and its containers is clearly allowed by Belton. See State v. Canezaro, 2007-668 (La.6/1/07), 957 So.2d 136 (per curiam).
The search of the vial was incidental to a lawful arrest of the defendant. The defendant has failed to demonstrate that the search in this case violated his constitutional rights in any way. The trial court correctly denied the defendant’s motion to suppress. This assignment of error has no merit.

DECREE

For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.