DRAKE, J.
|2The defendant, Michael A. Pounds, was charged by bill of information with five counts of attempted possession of a controlled dangerous substance by means of fraud (counts one through five), violations of La. R.S. 40:979 and La. R.S. *1038 40:971(B)(l)(b), and with six counts of possession of a controlled dangerous substance by means of misrepresentation (counts six through eleven), violations of La. R.S. 40:971(B)(1)(b). The defendant initially entered a plea of not guilty on each count. Subsequently, the trial court denied the defendant’s motion to suppress evidence.[1] The defendant withdrew his original pleas and pled guilty as charged on all counts pursuant to State v. Crosby, 338 So.2d 584 (La.1976).[2] On counts one through five, the trial court imposed sentences of two and one-half years at hard labor, suspended the sentences, and imposed five years supervised probation with general and special conditions (the sentences on each count were ordered to be served concurrently). On counts six through eleven, the trial court imposed sentences of five years at hard labor, suspended the sentences, and imposed five years supervised probation with general and special conditions (the sentences imposed on counts six and seven were ordered to be served consecutively, and the remaining counts were ordered to be served concurrently). The defendant now appeals, assigning error to the trial court’s ruling on the motion to suppress ^evidence. For the following reasons, we hereby reverse the trial court’s ruling denying the motion to suppress and remand for further proceedings allowing the defendant the opportunity to withdraw his guilty pleas.

STATEMENT OF FACTS

As indicated, the defendant pled guilty to the instant offenses; thus, there was no trial to fully develop the facts. In accordance with the testimony presented at the motion to suppress hearing, the following occurred. Senior Trooper Steven Linn of the Louisiana State Police Narcotics Division assisted in the investigation of the defendant and his wife, Danica Pounds, for obtaining prescriptions for controlled dangerous substances by means of fraud. The investigation began after Trooper Linn was forwarded an activity report of suspicion submitted by Dr. Bernard of the LSU Health Science Center referencing the defendant and Danica Pounds. As to the instant case, Dr. Bernard specifically indicated that the defendant herein received nineteen-hundred pills between January 1, 2012, and early October 2012. He further indicated that the defendant called in false prescriptions, specifically pretending to be Dr. Mark Mclnnis while calling pharmacies for prescriptions. As a result of the *1039 complaint, Trooper Linn requested and received a prescription monitoring report from the Louisiana Pharmacy Board, detailing the defendant’s prescription patient history. According to Trooper Linn, the report affirmed and verified Dr. Bernard’s report.
The detailed information in the report included the subject’s name, date of birth, addresses, types of medication received, the dosage and basis for the prescriptions, the doctor’s names, and the pharmacy used. In order to verify this information, on November 2, 2012, Trooper Linn and Agent Christopher Sperandeo of the U.S. Department of Justice, Drug Enforcement Administration (DEA) went to the pharmacies listed and obtained patient profiles from each pharmacy where prescriptions were filled, using DEA administrative inspection | ¿forms that were signed by the registered pharmacists. The Bogalusa pharmacies included Wal-Mart, Wal-greens, Rocky’s Med Shoppe, CVS, and CP’s Drug Store. After the forms were signed by each pharmacist consenting to the inspections, the pharmacies released scanned images of prescriptions that were filled.
Trooper Linn then requested records from the doctors listed on the prescriptions and received confirmation of prescriptions to the defendant for several substances including hydrocodone, cariso-prodol, tramadol, zopidem tartrate, butal-bital, acetaminophen, caffeine, lortab, xa-nax, celexa, diazepam, and ambien. Some of the listed items were controlled dangerous substances while others were not. Trooper Linn reviewed the prescriptions and determined that there were overlaps among the prescriptions provided by five physicians. The doctors were asked to execute forms indicating that they would not have prescribed the treatment if they had knowledge of the other prescriptions that were concealed. While the other doctors executed the forms releasing the requested information, one of the physicians (Dr. Clyde Hurst) refused to do so and Trooper Linn obtained a search warrant to obtain those medical records. The defendant and Danica Pounds were arrested as a result of all of the medical records acquired.

ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant contends that the trial court erred in denying his motion to suppress the evidence. Relying on the Louisiana Supreme Court decision in State v. Skinner, 08-2522 (La.5/5/09), 10 So.3d 1212, the defendant notes that the trial court considered the ease, but did not rule accordingly. The defendant contends that Trooper Linn conducted a fishing expedition into the defendant’s personal prescription and medical records utilizing administrative tools to circumvent the warrant requirements in compiling evidence to support a criminal investigation. The defendant concludes that the evidence | ¡¡obtained as a result of the warrantless searches and seizures of his prescription and medical records should be suppressed.
The Fourth Amendment to the United States Constitution (applicable to the states through the Fourteenth Amendment) and article I, § 5 of the Louisiana Constitution protect persons against unreasonable searches and seizures. See Mapp v. Ohio, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961). A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. La.Code Crim. P. art. 703(A), Federal and state constitutional protections against unreasonable searches exist only when an individual has an actual expectation of privacy that society is prepared to recognize as reasonable. Katz v. United States, 389 *1040 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (Harlan, J. concurring); State v. Ragsdale, 381 So.2d 492, 497 (La.1980). .A search warrant for property where one has a reasonable expectation of privacy may issue only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place, to be searched and the things to be seized. La. Const, art. I, § 5; La Code Crim. P. art. 162.
A trial court’s ruling on a motion to suppress the evidence is entitled to great weight, because the court had the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Jones, 01-0908 (La.App. 1 Cir. 11/8/02), 835 So.2d 703, 706, writ denied, 02-2989 (La.4/21/03), 841 So.2d 791. Likewise, when a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion, i.e., unless such ruling is not supported by the evidence. See State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 280-81. However, a trial court’s legal findings are subject to a de novo standard of review. See State v. Hunt, 09-1589 (La.12/1/09), 25 So.3d 746, 751.
1 ñSkinner involved a criminal investigation that is similar to the case herein. In Skinner, the district attorney received a tip from a pharmacist that Skinner was obtaining medication. with multiple overlapping prescriptions. Based on that tip, the district attorney filed motions for production of prescription and medical records in the district court. The district court issued an order requiring eight pharmacies to produce Skinner’s records. Skinner, 10 So.3d at 1213-14. The district attorney then prosecuted Skinner based on information derived from those records. On appeal, the Louisiana Supreme Court held that, absent one of the narrowly drawn exceptions, Skinner’s prescription records were protected from warrantless search and seizure as part of a criminal investigation. Because the district attorney failed to obtain a search warrant, the Louisiana Supreme Court concluded that the information obtained from the pharmacies should have been suppressed. Skinner, 10 So.3d at 1218.
As noted in Skinner, a majority of the federal Circuit Courts of Appeals have concluded the constitutional right to privacy extends to medical and/or prescription records. Skinner, 10 So.3d at 1217 (citing Douglas v. Dobbs, 419 F.3d 1097, 1102 (10th Cir.2005) (constitutional right to privacy in prescription drug records), cert. denied, 546 U.S. 1138, 126 S.Ct. 1147, 163 L.Ed.2d 1001 (2006); Herring v. Keenan, 218 F.3d 1171, 1175 (10th Cir.2000), cert. denied, 534 U.S. 840, 122 S.Ct. 96, 151 L.Ed.2d 56 (2001); Doe v. Southeastern Pennsylvania Trans. Auth., 72 F.3d 1133, 1137 (3d Cir.1995), cert. denied, 519 U.S. 808, 117 S.Ct. 51, 136 L.Ed.2d 15 (1996); Anderson v. Romero, 72 F.3d 518, 522 (7th Cir.1995); Doe v. New York, 15 F.3d 264, 267 (2d Cir.1994); Doe v. Attorney General of the United States, 941 F.2d 780, 795-796 (9th Cir.1991), vacated on other grounds sub nom. Reno v. Doe, 518 U.S. 1014, 116 S.Ct. 2543, 135 L.Ed.2d 1064 (1996); see also Harris v. Thigpen, 941 F.2d 1495, 1513 (11th Cir.1991) (assuming such right exists)). Considering the federal jurisprudence and Louisiana’s constitutional 17requirement of á heightened privacy interest for its citizens, the Louisiana Supreme Court held that absent the narrowly drawn exceptions permitting war-rantless searches, a warrant is required to conduct an investigatory search of medical and/or prescription records.[3]
*1041 As the Court held in Skinner, a right to privacy in one’s medical and prescription records is an expectation of privacy that society is prepared to recognize as reasonable. Skinner, 10 So.3d at 1218. Considering that the holding in Skinner is controlling in this case, we find the trial court erred in denying the defendant’s motion to suppress those prescription and medical records obtained without a warrant. A warrant is required to conduct a search and seizure of such records for criminal investigative purposes in this case. The ruling of the trial court denying the defendant’s motion to suppress evidence is hereby reversed, and this case is remanded to the trial court for further proceedings allowing the defendant the opportunity to withdraw his guilty pleas.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS TO ALLOW THE DEFENDANT THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEAS.

. The defendant pled guilty on the same date as his wife, Danica Pounds, who was also charged in connection with this case and withdrew her former not guilty pleas after the trial court denied the motion to suppress (the hearings were conducted simultaneously). Danica Pounds has filed a separate appeal in this Court also challenging the trial court's ruling on the motion to suppress. State v. Pounds, 14-1064 (La.App. 1 Cir.3/9/15), - So.3d -.

. Contrary to Crosby, the defendant did not state the specific adverse ruling he wished to appeal. Nonetheless, the Louisiana Supreme Court has held that "[a] defendant's failure to specify which pre-trial rulings he desires to reserve for appeal as part of a guilty plea entered pursuant to [Crosby ], may limit the scope of appellate review but should not preclude review altogether.” See State v. Joseph, 03-315 (La.5/16/03), 847 So.2d 1196 (per cu-riam). Absent a detailed specification of which adverse pretrial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the district court permitted a Crosby reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas, i.e., to preserve review of eviden-tiary rulings which "go to the heart of the prosecution's case” that a defendant would otherwise waive by entering an unqualified guilty plea. Such rulings typically include denial of a motion to suppress evidence as raised in the instant appeal. Joseph, 847 So.2d at 1196-97.

. The Louisiana Supreme Court in Skinner also rejected the reasoning that no warrant was needed because the attempted subpoenas *1041 were directed at third party business entities that were not under investigation for a crime, noting, “the attempted subpoenas sought the prescription and medical records of the defendant, who had a reasonable expectation of privacy in these records. Because we have determined the defendant had a right of privacy in these records, they could only be searched and seized pursuant to a warrant.” See Skinner, 10 So.3d at 1218-19.