STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1207

STATE OF LOUISIANA

VERSUS

MARK HOUSTON ANGLIN, JR.

Judgment Rendered: **MAY 1 1 2020**

* * * * * * *

On Appeal from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 608584

Honorable Scott Gardner, Judge Presiding

* * * * * * *

Warren L. Montgomery
District Attorney
J. Bryant Clark, Jr.
Assistant District Attorney
Covington, Louisiana

Attorneys for Appellee,
State of Louisiana

Bertha M. Hillman
Covington, Louisiana

Attorney for Defendant/Appellant,
Mark Houston Anglin, Jr.

* * * * * * *

**BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

**PENZATO, J.**

The defendant, Mark Houston Anglin, Jr., was charged by bill of information with possession of heroin, a Schedule I controlled dangerous substance, less than two grams, in violation of La. R.S. 40:966(C)(4)(a).[1] The defendant initially pled not guilty. After a hearing, the trial court denied the defendant's motion to suppress an in court identification, evidence, and statements. The defendant subsequently withdrew his not guilty plea and entered a *Crosby* plea of guilty as charged, reserving the right to appeal the trial court's ruling on his motion to suppress. See *State v. Crosby*, 338 So.2d 584 (La. 1976). The defendant admitted to the allegations of a habitual offender bill of information filed by the State, was adjudicated a fourth felony habitual offender, and was sentenced to thirty years imprisonment at hard labor without the benefit of probation or suspension of sentence. The defendant now appeals, assigning error to the trial court's denial of his motion to suppress evidence. For the following reasons, we affirm the conviction and sentence.

## STATEMENT OF FACTS

As the defendant pled guilty to the instant offense, the facts were not fully developed. At the time of the guilty plea, the parties stipulated that pretrial discussions and discovery formed the factual basis for the guilty plea. The following facts are based on the testimony presented at the hearing on the motion to suppress, prior to the defendant's guilty plea. On August 17, 2018, Deputy Don Powers of the St. Tammany Parish Sherriff's Office was assigned to criminal patrol in the Pearl River area. At approximately 8:20 p.m., he observed a white Nissan, with a Mississippi license plate, pull into the parking lot of a gas station. At the time, Deputy Powers was eating in his marked unit while parked across the street

---

[1] The defendant was also charged with armed robbery, a violation of La. R.S. 14:64, along with codefendant, Brandie Marie Williams. However, the armed robbery charges were subsequently severed, and the defendant pled guilty to the instant offense only.

2

from the gas station. Deputy Powers became suspicious when he observed the driver of the Nissan, a white male, repeatedly enter and exit the gas station. Specifically, the driver got back into his vehicle, appeared as though he was going to pull off, but remained in the parking lot for five minutes before again exiting his vehicle and briefly reentering the gas station. As the driver proceeded to exit the parking lot, Deputy Powers observed that one of the headlights on the driver's vehicle was out and conducted a traffic stop.

After Deputy Powers informed the occupants, the driver and a female passenger, of the reason for the traffic stop, they produced Louisiana state identification cards. The driver was identified as the defendant, and the female passenger, who appeared to Deputy Powers to be nervous at the time, was identified as Brandie Williams. After the defendant and Williams provided their identification, Deputy Powers waited for a back-up officer to arrive, and then went to his unit and conducted an NCIC query on both occupants. The central dispatch reported arrest warrants for the defendant and Williams for armed robbery as well as a probation violation warrant for the defendant. Deputy Powers immediately ordered the defendant and Williams to exit their vehicle and arrested both of them. Upon a search incident to the defendant's arrest, Deputy Powers discovered suspected heroin in the defendant's right pocket. Deputy Powers removed and seized the substance. After being advised of his *Miranda*[2] rights, the defendant admitted that the suspected heroin belonged to him and subsequently provided a written statement confessing the same. The substance was tested with a NIK test and was found presumptive positive for heroin.

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

3

## MOTION TO SUPPRESS THE EVIDENCE

In the sole assignment of error, the defendant argues that the trial court erred in denying his motion to suppress. He contends that the evidence and statements obtained were the direct result of a defective warrant for his arrest on the armed robbery charge. He specifically argues that the warrant for his arrest for armed robbery is defective because it indicates that a confidential informant "revealed the male subject was Mark Houston Anglin." The defendant contends that the affidavit contains no information to establish that the informant was reliable and fails to state how the informant knew or was able to identify the defendant. He argues that because the arrest warrant is based on a defective affidavit, his subsequent arrest is unlawful and any evidence obtained pursuant to his arrest is inadmissible fruit of an unlawful arrest. The defendant contends that because the affidavit is "not constitutionally sound," a remand is necessary. He contends that because the officer who obtained the arrest warrant did not have firsthand knowledge of the robbery, the statements in the affidavit are hearsay. Finally, the defendant notes that there was no indication as to whether any additional information was relayed to the judge who signed the warrant for the arrest of the defendant and Williams.

A trial court's ruling on a motion to suppress the evidence is entitled to great weight, because the court had the opportunity to observe the witnesses and weigh the credibility of their testimony. Correspondingly, when a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion, i.e., unless such ruling is not supported by the evidence. *State v. Pounds*, 2014-1063 (La. App. 1st Cir. 3/9/15), 166 So.3d 1037, 1040, writ denied, 2015-0696 (La. 2/19/16), 186 So.3d 1173. However, a trial court's legal findings are subject to a de novo standard of review. See *State v. Hunt*, 2009-1589 (La. 12/1/09), 25 So.3d 746, 751.

The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution protect people against unreasonable searches and seizures. It is well settled that a search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. A recognized warrantless search exception is a search incident to a lawful arrest. *State v. Conway*, 2007-2009 (La. App. 1st Cir. 6/6/08), 992 So.2d 494, 496. After making an arrest, an officer has the right to thoroughly search a defendant and his wingspan, or lunge space, for weapons or evidence incident to a (valid) arrest. *Id.*[3]

We note that the defendant has not challenged below or on appeal the validity of the arrest warrant for a probation violation, which was also relied on by Detective Powers to arrest the defendant. As the outstanding arrest warrant for a probation violation, alone, supplied sufficient probable cause for the defendant's arrest, see *State v. Hill*, 97-2551 (La. 11/6/98), 725 So.2d 1282, 1285, we find no error or abuse of discretion in the trial court's ruling on the defendant's motion to suppress. The assignment of error is without merit.

**CONVICTION AND SENTENCE AFFIRMED.**

---

[3] As previously mentioned, after Deputy Powers discovered and seized the suspected heroin incident to the arrest of the defendant, the defendant signed a written confession admitting that the heroin belonged to him. It is well settled that for a confession or inculpatory statement to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La. R.S. 15:451. Additionally, the State must show that an accused that makes a statement or confession during custodial interrogation was first advised of his *Miranda* rights. *State v. Caples*, 2005-2517 (La. App. 1st Cir. 6/9/06), 938 So.2d 147, 153, writ denied, 2006-2466 (La. 4/27/07), 955 So.2d 684. In the instant case, the defendant does not challenge the legality of the traffic stop or the voluntariness of his statements.