NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1243

STATE OF LOUISIANA

VERSUS

PATRICK J. CALLEGAN

Judgment rendered: **SEP 2 4 2020**

* * * * *

On Appeal from the
Eighteenth Judicial District Court
In and for the Parish of Iberville
State of Louisiana
No. 1031-17, Sec. "D"

The Honorable Elizabeth A. Engolio, Judge Presiding

* * * * *

Richard J. Ward, Jr.
District Attorney
Terri Russo Lacy
Assistant District Attorney
Plaquemine, Louisiana

Attorneys for Appellee
State of Louisiana


Katherine M. Franks
Louisiana Appellate Project
Madisonville, Louisiana

Attorney for Plaintiff/Appellant
Patrick J. Callegan


* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

The defendant, Patrick J. Callegan, was charged by grand jury indictment with first degree rape, a violation of La. R.S. 14:42 (count one), and intimidating a witness, a violation of La. R.S. 14:129.1 (count two). He initially pled not guilty on each count. The trial court denied the defendant's motion to suppress.[1] Pursuant to a plea bargain that included agreed-upon sentences and the amendment of count one to second degree rape, a violation of La. R.S. 14:42.1, the defendant withdrew his not guilty pleas and entered a plea of guilty on count one as amended and guilty as charged on count two. He reserved the right to appeal the trial court's denial of his motion to suppress and his request to be tried by a "12-person unanimous verdict." See **State v. Crosby**, 338 So.2d 584 (La. 1976).[2] In accordance with the plea agreement, the trial court sentenced the defendant to thirty-five years imprisonment at hard labor on each count, to be served concurrently.

The defendant now appeals, assigning error to the legality of the sentence on count two, the trial court's review of unadmitted recordings and/or transcripts in denying his motion to suppress, and the trial court's denial of his request to be subject to conviction only by a unanimous jury verdict. He argues that because of the errors in the proceeding, his guilty pleas should be set aside. For the following

---

[1] After the jury was selected, the trial court also denied the defendant's oral motion objecting to the constitutionality of the jury. Specifically, the defendant's attorney argued that the defendant should be entitled to a twelve-person, unanimous jury verdict. While the defendant acknowledged that a capital verdict was not being sought in this case, he argued that pursuant to La. Code Crim. P. art. 782(A), he was entitled to a unanimous verdict because this is case "that could carry the death penalty." In denying the motion, the trial court referenced the "aggravated rape statute." See La. R.S. 14:42(D)(2)(b). The defendant's attorney further argued that because the jury verdict statute was changed by vote of the people, the new law should apply in this case.

[2] The judge, assistant district attorney, the defendant and his attorney all signed or initialed the Boykin form agreeing to allow the defendant to appeal his issue as to the constitutionality of a non-unanimous jury verdict.

2

reasons, we set aside the convictions and sentences and remand for further proceedings to allow the defendant the opportunity to withdraw his guilty pleas.

## ASSIGNMENT OF ERROR #3: DENIAL OF REQUEST FOR CONVICTION BY A UNANIMOUS JURY VERDICT

In assignment of error number three, the defendant argues that, prior to his guilty pleas, the trial court erred in ruling that the jury would be instructed that a concurrence of ten out of twelve jurors would be sufficient to reach a verdict, such that a unanimous verdict would not have been required. The defendant concedes that at the time of the instant offenses, the Louisiana Constitution allowed for a felony conviction on a non-capital case if ten out of twelve jurors voted guilty. However, the defendant argues that because his convictions are not yet final, his guilty pleas should be set aside to afford him a trial wherein he can receive the benefit of the change in the law, requiring unanimous verdicts for all criminal convictions. Furthermore, in the defendant's plea agreement, the trial court stated that the defendant had the "right to reserve the appeal for the unanimous jury verdict issue."

In the recent decision of **Ramos v. Louisiana**, __ U.S. __, __ S.Ct. __, ___ L.Ed.2d __, 2020 WL 1906545 (2020), the United States Supreme Court overruled **Apodaca v. Oregon**, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by nonunanimous verdicts whose cases are still pending on direct appeal. Herein, the defendant pled guilty pursuant

3

**Crosby**, preserving this assignment of error, asserted on appeal in anticipation of the ruling in **Ramos**.

The function of a **Crosby** plea is to permit a fair and efficient review of a central issue when the pre-plea ruling would mandate reversal of any resulting conviction. See **State v. Gordon**, 2004-0633 (La. App. 1st Cir. 10/29/04), 896 So.2d 1053, 1061, writ denied, 2004-3144 (La. 4/1/05), 897 So.2d 600. In **State v. Pounds**, 2014-1063 (La. App. 1st Cir. 3/9/15), 166 So.3d 1037, 1038, writ denied, 2015-0696 (La. 2/19/16), 186 So.3d 1173, the defendant entered a plea of guilty as charged on all counts pursuant to **Crosby**, preserving for review on appeal, the trial court's adverse ruling on his motion to suppress evidence. On concluding that the trial court erred in denying the motion to suppress evidence obtained as a result of the warrantless search and seizure of the defendant's prescription and medical records, this court reversed the trial court's ruling and remanded the case to the trial court for further proceedings allowing the defendant the opportunity to withdraw his guilty pleas. **Pounds**, 166 So.3d at 1041. In this case, the defendant and his attorney specifically reserved the right to appeal the issue of whether he was entitled to be convicted only by a unanimous jury verdict. At the Boykin hearing, the trial court specifically allowed the defendant to "reserve the appeal for the unanimous jury verdict issue" and it is was noted for the record. Since the record clearly indicates that the trial judge accepted the defendant's plea agreement which contained a Crosby pleas that allowed the defendant to reserve his right to appeal the non-unanimous jury verdict issue, we are bound pursuant to the decision in Ramos to allow the defendant to withdraw his guilty plea.

Accordingly, as a result of **Ramos** and the defendant's plea pursuant to **Crosby**, we must hold that the defendant's Sixth Amendment right to a jury trial was violated by the denial of his request to be subject to conviction by no less than

4

a unanimous jury verdict. Accordingly, the defendant's convictions and sentences are set aside, and the case is remanded for further proceedings, allowing the defendant the opportunity to withdraw his guilty pleas. The other issues raised on appeal are rendered moot.

**SET ASIDE CONVICTIONS AND SENTENCES AND REMAND FOR FURTHER PROCEEDINGS TO ALLOW THE DEFENDANT THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEAS.**

STATE OF LOUISIANA

VERSUS

PATRICK J. CALLEGAN

NUMBER: 2019 KA 1243

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


WELCH, J., dissenting.

I respectfully disagree with the majority's decision to set aside the defendant's guilty plea convictions and sentences. The majority's decision is not only legally incorrect, but it is also a gross deviation from the law relative to plea agreements under **State v. Crosby**, 338 So.2d 584 (La. 1976) and a misapplication of the principles set forth in **Ramos v. Louisiana**, ___ U.S. ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020). There has been no breach of the plea agreement and if the majority's decision to vacate the defendant's guilty plea convictions and sentences pursuant to **Ramos** is allowed to stand, this would indeed be the first case to allow and nullify a plea agreement under **Crosby** based on a proposed jury instruction that would have been legally correct at the time it would have been given. Thus, the defendant's convictions and sentences should be affirmed.

In the proceedings below, the defendant filed a motion to suppress, which the trial court denied. In addition, the defendant requested that the trial court instruct the jury that it had to reach a unanimous verdict. While the defendant acknowledged that a capital verdict was not being sought, he argued that he was entitled to a unanimous verdict pursuant to La. C.Cr.P. art. 782(A) because: (1) his case "could carry the death penalty," and (2) there was a constitutional amendment to end non-unanimous jury verdicts in Louisiana that was approved by the voters on November 6, 2019. The trial court also denied this request, ruling that the jury would be instructed that a concurrence of ten out of twelve jurors would be sufficient to reach

a verdict and that a unanimous verdict was not required. The defendant then pled guilty, but reserved his right to appeal the denial of his motion to suppress and his request to be tried by a twelve person unanimous verdict under **Crosby**. As the majority has noted, the defendant has conceded that at the time of the instant offenses, around June 17, 2017, the Louisiana Constitution allowed for a felony conviction on a non-capital case if ten out of twelve jurors voted guilty.

On appeal, the defendant argues that because his convictions are not yet final, as of November 6, 2018, the date the Louisiana voters amended the constitution, his convictions are subject to the amended versions of La. Const. art. I, §17(A) and La. C.Cr.P. art. 782(A). While the defendant acknowledges that the 2018 amendments to La. Const. art. I §17(A) and La. C.Cr.P. art. 782(A) provide that the change in the law is prospective, he argues that the amendments should be applied retroactively and that his guilty pleas should be set aside to afford him a new trial wherein he can receive the benefit of the change in the law. Citing **Ramos**, the majority holds that the defendant is now entitled to the jury instruction he sought below, and pursuant to **Crosby**, vacates the defendant's convictions and sentences to allow the defendant a new trial.

A guilty plea should be afforded a great measure of finality and normally waives all non-jurisdictional defects. See **Crosby**, 338 So.2d at 586. Under **Crosby**, 338 So.2d at 591, a defendant may be allowed appellate review, if at the time he enters a guilty plea, he expressly reserves his right to appeal specific adverse ruling in a case. However, **Crosby** appeals are limited to the principles articulated in **Crosby**, 338 So.2d at 591: "[t]he type of error …[that] represents a violation of a constitutional or statutory right which, for reasons beyond guilt or innocence, would mandate a reversal of a conviction resulting from a trial." A proposed jury instruction that was legally correct at the time it was to be given is not the type of error envisioned by **Crosby**. Rather, **Crosby** appeals are for pre-trial rulings, which

are adverse to the defendant, and essentially compels the defendant to plead guilty. The trial court's intention to give a legally correct jury instruction did not compel the defendant to plead guilty.

Notably, during the pendency of this appeal, the United States Supreme Court, in **Ramos**, held that the Sixth Amendment right to a jury trial—as incorporated against the States through the Fourteenth Amendment—requires a unanimous jury verdict to convict a defendant of a serious offense. However, the Supreme Court stated that its holding applied to those defendants convicted by non-unanimous jury verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. Thus, as to cases still pending on direct appeal, **Ramos** is only applicable to defendants who were *actually convicted* of serious offenses by non-unanimous juries. Only if the defendant had actually gone to trial and only if he had been convicted by a non-unanimous jury verdict would the defendant be entitled to challenge a conviction under **Ramos**. He cannot and should not be allowed to challenge a guilty plea conviction on the basis of a proposed jury instruction requiring a less than unanimous verdict, as the defendant could have been convicted by a unanimous jury had he gone to trial. As such, **Ramos** has no application to the defendant's guilty plea or to his challenge to the trial court's denial of his requested jury instruction.

Moreover, La. C.Cr.P. art. 802 mandates the trial court to charge the jury "as to the law applicable to the case." The instant offenses were committed on or about June 17, 2017. Louisiana follows the general rule that a constitutional provision or amendment has prospective effect only, unless a contrary intention is clearly expressed. **State v. Cousan**, 94-2503 (La. 11/25/96), 684 So.2d 382, 392-393. Thus, the defendant was not entitled to retroactive application of the 2018 amendments of La. Const. art. I, § 17(A) and La. C.Cr.P. art. 782(A), requiring unanimous jury verdicts, which were expressly applicable to offenses committed on

or after January 1, 2019. Thus, the trial court's denial of the requested jury instruction does not entitle the defendant to any relief under **Crosby**.

As to the defendant's challenges to the legality of his sentence on count two (intimidation of a witness) and the denial of his motion to suppress, I find no error. Therefore, I would affirm the defendant's convictions and sentences.

Thus, I respectfully dissent.